# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

PHYLLIS MARIA HARRIS, et al., :

    Plaintiffs, :

vs. :     CA 19-0044-KD-MU

WALTER LEE BROCK, et al., :

    Defendants.

## REPORT AND RECOMMENDATION

The above-styled case was filed in this Court on February 1, 2019. (Doc. 1.) Plaintiff Harris seeks to bring an action not only for herself but also on behalf of her insurance company, State Farm Mutual Automobile Insurance Company (hereinafter, "State Farm"), as she has included State Farm in the style of this matter as a party Plaintiff. (*See id.* at 1). Harris is suing the named Defendants in connection with an automobile collision that occurred on February 3, 2017, between a vehicle she was driving and a vehicle driven by Defendant Walter Lee Brock. (*See id.* at 2). On February 19, 2019, Plaintiff Harris filed an Appointment of Representative form, a form utilized in social security cases at the administrative level (*see* Doc. 5); however, Plaintiff has attempted to modify the form for use in this specific case and through this pleading purport to notify this Court that she has appointed Reverend Preston L. Scarbrough, a non-attorney, as her representative in this action (*see id.*). This pleading was docketed as a motion and referred to the undersigned for a ruling on March 6, 2019, after this matter was transferred from the docket of Magistrate Judge Bert W. Milling. (*See* Docket Sheet). The undersigned recommends *sua sponte* (1) the dismissal of any

purported claims Harris filed on behalf of State Farm because State Farm should be **STRICKEN** as a party Plaintiff and **(2)** the **STRIKING** of Plaintiff Harris' notice of appointment of representative (docketed as a motion) through this report and recommendation entered pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. GenLR 72(a)(2)(S).

"In the federal courts, 'parties may plead and conduct their own cases personally or by counsel.'" *Hand v. Bibeault,* 400 Fed.Appx. 526, 528 (11th Cir. Oct. 19, 2010), quoting 28 U.S.C. § 1654; *see* S.D. Ala. GenLR 83.2 ("Unless appearing *pro se* or through counsel under General Local Rule 83.3(f) or (g),[1] all parties to proceedings in this Court must appear by an attorney admitted to practice in this Court. Only natural persons may appear *pro se*." (footnote added)). Indeed, "'[t]he right to appear *pro se* . . . is limited to parties conducting "their own cases," and does not extend to non-attorney parties representing the interests of others.'" *Class v. U.S. Bank Nat'l Ass'n,* 734 Fed.Appx. 634, 636 (11th Cir. May 9, 2018) (citations omitted); *see also Wheat v. United States,* 486 U.S. 153, 159, 108 S.Ct. 1692, 1697, 100 L.Ed.2d 140 (1988) ("[A]n advocate who is not a member of the bar may not represent clients (other than himself) in court."). More to the point, "because *pro se* means to appear for one's self, . . . a lay person may not represent a corporation or a partnership . . . ." *Iannacone v. Law,* 142 F.3d 553, 558 (2d Cir. 1998); *see also Mitchell v. SunTrust Mortgage, Inc.,* 2014 WL 12859898, *3 n.7 (N.D. Ga. Feb. 3, 2014) ("[T]o the extent that Plaintiff intends to bring this suit on behalf of others, including the United States of America or his spouse,

---

[1] These two subsections cover appearances on behalf of the United States and by the Federal Public Defender.

Plaintiff is advised that he may not do so as a *pro se* plaintiff because '28 U.S.C. § 1654 precludes a non-attorney from representing another.' *Hui Yu v. U.S. Dep't of Homeland Security,* 568 F.Supp.2d 231, 234 (D. Conn. 2008)."), *report and recommendation adopted,* 2014 WL 12859900 (N.D. Ga. Mar. 6, 2014). Because the complaint makes clear that Harris is appearing *pro se* and is not a member of the bar of this Court (*see* Doc. 1),[2] she cannot represent State Farm;[3] therefore, it is recommended that any claims she purports to pursue on State Farm's behalf be dismissed without prejudice and that State Farm be **STRICKEN** from the style of this action as a party Plaintiff.

Turning to Ms. Harris' Appointment of Representative form filed on February 19, 2019 and docketed as a motion (Doc. 5), it appears that Plaintiff has filed this form as notice to this Court of her appointment of Rev. Preston L. Scarbrough, a non-attorney (*id.*), to act as her representative in this case. However, just as Harris cannot represent State Farm, Rev. Scarbrough cannot represent Ms. Harris in this case. The form filed by Harris is certainly utilized in administrative proceedings before the Social Security Administration, where a claimant can appoint a non-attorney representative; however, even in social security cases appealed to federal court it is clear that such an

---

[2] The undersigned's office contacted the Clerk of Court and confirmed that Ms. Harris has not been admitted to practice in this Court. *See* S.D. Ala. GenLR 83.2.

[3] State Farm cannot appear *pro se. Compare* S.D. Ala. GenLR 83.2 ("Only natural persons may appear *pro se.*") *with Potter v. Altman,* 647 Fed.Appx. 974, 976 (11th Cir. Apr. 12, 2016) ("It is well-settled that a corporate entity must appear and litigate through counsel, and cannot proceed *pro se.*") and *Palazzo v. Gulf Oil Corp.,* 764 F.2d 1381, 1385 (11th Cir. 1985) ("The rule is well established that a corporation is an artificial entity that can act only through agents, cannot appear *pro se*, and must be represented by counsel."), *cert. denied,* 474 U.S. 1058, 106 S.Ct. 799, 88 L.Ed.2d 775 (1986).

(Continued)

appointment "is of no moment because th[e] case is no longer before the Social Security Administration, but is [] before a federal court, which is a totally different legal forum." *Salter v. Astrue,* 2008 WL 2262036, *2 (S.D. Ala. May 29, 2008). And, as a consequence, "[a] non-attorney cannot represent another person or entity in federal court because such would constitute the unauthorized practice of law." *Id.* (citations omitted).[4] In other words, as a non-attorney, Rev. Scarbrough cannot represent Ms. Harris in this Court as a client. *Class,* 734 Fed.Appx. at 636.[5] Accordingly, it is recommended that Ms. Harris' Appointment of Representative (Doc. 5), which was docketed as a motion (*see* Docket Sheet), be **STRICKEN**. Ms. Harris can plead and conduct this, her own case, personally or through counsel; however, she cannot conduct the case through Rev. Scarbrough, a non-attorney.

## **CONCLUSION**

Based upon the foregoing reasons, it is **RECOMMENDED** that the Court determine that Plaintiff Harris cannot represent State Farm before this Court and, therefore, dismiss without prejudice any claims she purports to pursue on State Farm's

---

[4] This determination should come as no surprise to Rev. Scarbrough since he was the non-attorney appointed by Joseph Salter, Jr.'s mother, Ms. Clements, pursuant to 20 C.F.R. § 410.684, "to serve as her minor son's representative in proceedings before the Socials Security Administration." *Id.* And, as aforesaid, in *Salter*, this Court made clear to Rev. Scarbrough almost ten years ago that, as a non-attorney, he could not represent Ms. Clements' minor son in this Court on his social security appeal.

[5] Obviously, therefore, Rev. Scarbrough cannot look to Ms. Harris for the payment of any fees (*see* Doc. 5 ("Uniform: 40% and $400.00 hr.")). This language on the form referencing "fees" is very concerning to the undersigned as it could be regarded as direct evidence that Rev. Scarbrough is illegally engaged in the practice of law.

(Continued)

4

behalf and **STRIKE** State Farm from the style of this action.[6] It is further

**RECOMMENDED** that the Court determine that non-attorney, Rev. Preston L. Scarbrough, cannot represent Plaintiff Harris in this Court and **STRIKE** Harris' Appointment of Representative form naming Scarbrough as her representative (Doc. 5).[7]

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D. Ala. GenLR 72(c)(1) & (2). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify

---

[6] Once the striking of State Farm from the style of this matter is ordered by the Court, the style of this case will appear in all future documents as follows: Phyllis Maria Harris, Plaintiff vs. Walter Lee Brock, et al., Defendants.

[7] The undersigned determined it imperative to address these issues, upon transfer of this case, before requiring a response from Ms. Harris regarding Defendant Walter Lee Brock's motion to dismiss (Doc. 6). This is so Plaintiff Harris knows that she alone (or through counsel) must conduct her case, including responding to Defendant Brock's motion to dismiss; Rev. Scarbrough cannot in any manner conduct this case for her.

the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the 8th day of March, 2019.

                                            s/P. Bradley Murray
                                     **UNITED STATES MAGISTRATE JUDGE**