# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

PHYLLIS MARIA HARRIS,      :

     Plaintiff,             :

vs.                         :       CA 19-0044-KD-MU

WALTER LEE BROCK, et al.,      :

     Defendants.

## REPORT AND RECOMMENDATION

This cause is before the Magistrate Judge for issuance of a report and recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. GenLR 72(a)(2)(S), on Plaintiff's complaint (Doc. 1) and Defendant Walter Lee Brock's motion to dismiss complaint (Doc. 6).[1] Upon consideration of these pleadings, the Magistrate Judge **RECOMMENDS** that the Court **GRANT** Walter Lee Brock's Rule 12(b)(1) motion to dismiss complaint for lack of subject matter jurisdiction (Doc. 6) and **DISMISS** the entirety of this action for lack of subject matter jurisdiction.[2]

---

[1]     Plaintiff was extended the opportunity to file a response in opposition (or otherwise plead) not later than March 27, 2019 (Doc. 9); however, to date, Plaintiff has filed nothing directed to Brock's motion to dismiss nor has she sought to amend her complaint (*see* Docket Sheet). Given no response, Brock of course did not file a reply (*compare* Docket Sheet *with* Doc. 9 (ordering the movant to file his reply not later than April 3, 2019)).

[2]     The Court should act to dismiss the entirety of this action for lack of subject matter jurisdiction given the lack of complete diversity, *see Triggs v. John Crump Toyota, Inc.,* 154 F.3d 1284, 1287 (11th Cir. 1998) ("Diversity jurisdiction requires complete diversity; every plaintiff must be diverse from every defendant."), and because Plaintiff has failed to establish that this Court has jurisdiction under a specific statutory grant or federal question jurisdiction under 28 U.S.C. § 1331. *Compare Kelly v. Harris,* 331 F.3d 817, 819 (11th Cir. 2003) ("[F]ederal courts always have an obligation to examine *sua sponte* their jurisdiction before reaching the merits of any claim.") and *University of South Alabama v. American Tobacco Co.,* 168 F.3d 405, 410 (11th Cir. 1999) ("[I]t is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua*
(Continued)

**FACTUAL BACKGROUND**

On February 1, 2019, Phyllis Maria Harris filed a complaint in this Court which she titled "Motor Vehicle Personal Injury and Property Damages Under Strict Liability." (Doc. 1, at 1.) In her complaint, Harris makes clear that she is suing the named Defendants (Brock[3] and Lyndon Southern Insurance Company[4]) in connection with an automobile collision that occurred on February 3, 2017, between a vehicle she was driving and a vehicle driven by Defendant Walter Lee Brock. (*See id.* at 2). Harris avers that, as a result of whiplash injuries, she experiences migraine headaches, neck stiffness and restricted head motion, muscle spasms, excessive tiredness, cold hands, numbness from her left shoulder to the tips of her fingers, pain and tingling between the left shoulder and fingers, left leg (particularly, thigh) pain, anxiety, and increased sensitivity to light. (*See id.* at 2.) Harris principally claims that the Defendants were negligent but, as well, suggests fraud and "impairing the obligation of contract" and demands judgment in the amount of $2,000,000.00. (*See id.* at 3; *compare id. with id.* at

---

*sponte* whenever it may be lacking.") *with* Fed.R.Civ.P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

[3]       In an attachment to her complaint, Plaintiff requested service on Brock at 1909 Allison Street in Mobile, Alabama 366[]" (Doc. 1, at 5) and the Clerk's Office, at Plaintiff's request, issued a summons for Brock (*see* Doc. 3); Brock was served with a copy of the summons and complaint by certified mail on February 5, 2019 at 1909 Allison Street, Mobile, Alabama 36617 (*see id.* at 2-3).

[4]       Plaintiff makes clear in an attachment to her complaint that she requested service with respect to a Defendant she identified as "Lyndon Southern Insurance Company USA Agencies Management Services" (Doc. 1, at 5) and the Clerk's Office, at Plaintiff's specific request, issued a summons for "Lyndon Southern Insurance Company USA Agencies Management Services" (Doc. 4, at 1; *see also id.* at 2 (certified mail, return receipt requested "card" addressed to Lyndon Southern Insurance Company, USA Agencies Management Services)).

(Continued)

1 ("Plaintiff brings this civil action [for] personal injuries and property damages under strict liability (not to injure)[,] Fraud, impairing the obligation of contract . . . .")).  Finally, while Plaintiff's complaint contains no jurisdictional statement (*see* Doc. 1, at 1-4), Harris does state that she brings this action for "personal injuries and property damages under strict liability (not to injure)[,] Fraud, impairing the obligation of contract article 1, section 10 U.S. Constitution, and under the constitution and laws of the United States of America, including the codes of Alabama, as well as any and all other applicable laws." (Doc. 1, at 1)[5].

Defendant Walter Lee Brock filed his Rule 12(b)(1) motion to dismiss for lack of subject-matter jurisdiction on March 6, 2019, arguing therein that Plaintiff's complaint should be dismissed "as this Court does not have subject matter jurisdiction because the Plaintiff and Defendant Walter Lee Brock are citizens of the same state, therefore, defeating diversity jurisdiction." (Doc. 6, at 3.) And while it is clear that this Court lacks diversity jurisdiction, the undersigned also *sua sponte* determines that Harris has failed to establish that this Court has jurisdiction under a specific statutory grant or federal question jurisdiction under 28 U.S.C. § 1331, as appears to have been her intent when she filed her complaint.

## CONCLUSIONS OF LAW

In light of the fact that Defendant Walter Lee Brock interposes a jurisdictional challenge to Plaintiff Phyllis Maria Harris' complaint (Doc. 6), the undersigned notes that district courts are "courts of limited jurisdiction" that are "empowered to hear only

---

[5]     Plaintiff parenthetically identifies one of those other "laws" as Article 6 of the United States Constitution (*id.*) and, as well, at another point in her complaint, she cites Article 4 of the United States Constitution immediately following the phrase "strict liability" (*id.* at 2).

those cases within the judicial power of the United States as defined by Article III of the Constitution." *University of South Alabama v. American Tobacco Co., supra*, 168 F.3d at 409 (citation and quotations omitted); *see also Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377, 114 S.Ct. 1673, 1675, 128 L.Ed.2d 391 (1994) ("Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree[.]" (internal citations omitted)). Stated differently, because federal courts are courts of limited jurisdiction "[i]t is . . . presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction[.]" *Kokkonen, supra*, 511 U.S. at 377, 114 S.Ct. at 1675 (internal citations omitted). And, indeed, even though it is clear that "[p]leadings filed by *pro se* litigants are given liberal construction," these litigants are "'required [] to conform to procedural rules[,]'" *Cornelius v. U.S. Bank Nat'l Ass'n,* 452 Fed.Appx. 863, 865 (11th Cir. Nov. 29, 2011),[6] quoting *Moton v. Cowart,* 631 F.3d 1337, 1341 n.2 (11th Cir. 2011), and, as a consequence, "must 'affirmatively allege facts demonstrating the existence of jurisdiction.'" *Id.*, quoting *Taylor v. Appleton,* 30 F.3d 1365, 1367 (11th Cir. 1994) (other citation omitted); *see also Sweet Pea Marine, Ltd. v. APJ Marine, Inc.,* 411 F.3d 1242, 1247 (11th Cir. 2005) ("The burden for establishing federal subject matter jurisdiction rests with the party bringing the claim.").

---

[6] "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir.R. 36-2.

Before looking at the different types of subject matter jurisdiction this Court may

exercise, the undersigned notes that a motion to dismiss filed under Rule 12(b)(1), as

here, "may be based upon either a facial or factual challenge to the complaint."

*Williamson v. Secretary of Veteran Affairs,* 139 F.Supp.3d 1282, 1285 (N.D. Ala. 2015),

citing *McElmurray v. Consolidated Gov't of Augusta-Richmond Cty.,* 501 F.3d 1244

(11th Cir. 2007).

> "Facial attacks" on the complaint "require[] the court merely to look and
> see if [the] plaintiff has sufficiently alleged a basis of subject matter
> jurisdiction, and the allegations in his complaint are taken as true for the
> purposes of the motion." *Menchaca v. Chrysler Credit Corp.,* 613 F.2d
> 507, 511 (5th Cir.), *cert. denied,* 449 U.S. 953, 101 S.Ct. 358, 66 L.Ed.2d
> 217 (1980) (citing *Mortensen v. First Fed. Sav. & Loan Ass'n,* 549 F.2d
> 884, 891 (3d Cir. 1977)). "Factual attacks," on the other hand, challenge
> "the existence of subject matter jurisdiction in fact, irrespective of the
> pleadings, and matters outside the pleadings, such as testimony and
> affidavits are considered." *Id.*

*Lawrence v. Dunbar,* 919 F.2d 1525, 1529 (11th Cir. 1990). The attack made by Brock

in this case, at least as it relates to Plaintiff's implicit assertion of diversity jurisdiction

(*see* Doc. 6), is a facial attack.

There are three different types of subject matter jurisdiction a federal district court

may exercise: "(1) jurisdiction under a specific statutory grant; (2) federal question

jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28

U.S.C. § 1332(a)." *Baltin v. Alaron Trading Corp.,* 128 F.3d 1466, 1469 (11th Cir. 1997),

*cert. denied,* 525 U.S. 841, 119 S.Ct. 105, 142 L.Ed.2d 84 (1998). Here, the

undersigned necessarily reads Plaintiff's action, which arises from a vehicle collision, as

seeking to invoke both the Court's diversity jurisdiction[7] and its federal question

jurisdiction[8] (*see* Doc. 1, at 1-3).[9]

"Jurisdiction under 28 U.S.C. § 1332 based on the parties' diversity of citizenship

'requires complete diversity—every plaintiff must be diverse from every defendant.'"

*Cornelius, supra,* 452 Fed.Appx. at 865, quoting *Palmer v. Hospital Authority of*

---

[7]     On the civil cover sheet, Plaintiff identifies as the "Basis of Jurisdiction" only federal question jurisdiction, and does not checkmark diversity jurisdiction; however, immediately thereafter the form asks for the citizenship of the principal parties for diversity cases only and Plaintiff completed this section. Accordingly, the undersigned has properly read Plaintiff's complaint as asserting diversity jurisdiction, as well as federal question jurisdiction, inasmuch as an action arising out of a vehicle collision is a quintessential diversity action. *Compare, e.g., Haines v. Webb,* 2014 WL 12828962, *1 (N.D. Ga. Sept. 26, 2014) ("This case, removed from the Superior Court of Gwinnett County on diversity jurisdiction, arises out of a multi-vehicle collision in which Plaintiff, Caitlyn Haines, sustained internal abdominal and cranio-spinal injuries and incurred $111,382.39 in medical expenses."); *Wasdin v. Cheetah Transp., LLC,* 2006 WL 3534969, *1 (M.D. Ga. Dec. 7, 2006) ("This case is a diversity action that arose out of a vehicle collision between Plaintiff and Defendant Allen Watts.").

[8]     On the civil cover sheet, Plaintiff cites to 42 U.S.C. § 1983, along with the due process clauses of the Fifth and Fourteenth Amendments; however, she makes no mention of § 1983 and the Fifth and Fourteenth Amendments in her complaint (*see* Doc. 1). There can be little question but that the provision for federal-question jurisdiction set forth in § 1331 "is invoked by and large by plaintiffs pleading a cause of action created by federal law (*e.g.,* claims under 42 U.S.C. § 1983)." *Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing,* 545 U.S. 308, 312, 125 S.Ct. 2363, 2366 (2005). However, as just stated, Harris, in her complaint, did not assert a claim under 42 U.S.C. § 1983 (*see* Doc. 1); therefore, Plaintiff obviously has not invoked federal-question jurisdiction by pleading a claim under § 1983. And, indeed, Plaintiff would never be in a position to plead a claim under § 1983 and thereby invoke this Court's federal-question jurisdiction, *see, e.g., Harvey v. Harvey,* 949 F.2d 1127, 1130 (11th Cir. 1992) ("A successful section 1983 action requires a showing that the conduct complained of (1) was committed by **a person acting under color of state law** and (2) deprived the complainant of rights, privileges, or immunities secured by the Constitution or laws of the United States." (emphasis supplied)), as her complaint contains no allegations that Brock or Lyndon Southern acted under color of state law.

[9]     Nowhere in her complaint (*see* Doc. 1), or in the civil cover sheet, does Plaintiff cite or rely upon a specific statutory grant of jurisdiction; therefore, the undersigned will not address this type of federal subject matter jurisdiction. The undersigned would simply note that 42 U.S.C. § 1983 is not a specific statutory grant of jurisdiction; instead, 28 U.S.C. § 1343(a)(3) is the jurisdictional counterpart of § 1983, *see Ortega v. Schramm,* 922 F.2d 684, 688 & 690 (11th Cir. 1991) (recognizing that 28 U.S.C. § 1343(a)(3) authorizes federal courts to entertain § 1983 claims), and Plaintiff nowhere makes reference to or relies upon 28 U.S.C. § 1343(a)(3).

(Continued)

*Randolph County,* 22 F.3d 1559, 1564 (11th Cir. 1994); *see also Strawbridge v. Curtiss,*

3 Cranch 267, 7 U.S. 267, 2 L.Ed. 435 (1806). Plaintiff's complaint avers that she is

domiciled in Alabama (Doc. 1, at 1) and she attached to her complaint a "service" list,

which includes her own address at 817 Gehrig Avenue, Prichard, Alabama 36610, and

the address for Defendant Walter Lee Brock at 1909 Allison Street in Mobile, Alabama[10]

(Doc. 1, at 5).[11] Given the allegations of Plaintiff's complaint, and the direct attachments

thereto, it is clear that Plaintiff Harris and Defendant Brock are citizens of the state of

Alabama, thereby destroying diversity and requiring the dismissal of the complaint

under Rule 12(b)(1) for lack of subject-matter jurisdiction.

While Plaintiff does not rely expressly on the general federal question statute in

her complaint (Doc. 1), she does identify federal-question jurisdiction on the Civil Cover

Sheet as the basis for this Court's exercise of jurisdiction.  Pursuant to 28 U.S.C. §

1331, "[t]he district courts shall have original jurisdiction of all civil actions arising under

the Constitution, laws, or treaties of the United States." *Id.*  "Whether a claim arises

under federal law for purposes of 28 U.S.C. § 1331 is generally determined by the well-

pleaded complaint rule, 'which provides that federal jurisdiction exists only when a

federal question is presented on the face of the plaintiff's properly pleaded complaint.'"

*Smith v. GTE Corp.*, 236 F.3d 1292, 1310 (11th Cir. 2001), quoting *Caterpillar, Inc. v.*

*Williams*, 482 U.S. 386, 392, 107 S. Ct. 2425, 2429, 96 L. Ed. 2d 318 (1987).  "A well-

---

[10]      As aforesaid, Brock was served with a copy of the summons and complaint at his address in Alabama (*see* Doc. 3).

[11]      On the Civil Cover Sheet, Harris completed the section concerning Citizenship of Principal Parties and thereon "checked" that she is a citizen of this State (that is, Alabama) as is Defendant 1 (Brock).

pleaded complaint presents a federal question where it 'establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'" *Smith*, 236 F.3d at 1292, quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Tr. For S. Cal.*, 463 U.S. 1, 27-28, 103 S. Ct. 2840, 2856, 77 L. Ed. 2d 420 (1983); *see also Cornelius, supra,* 452 Fed.Appx. at 865 (recognizing that under § 1331, "a federal court will have jurisdiction only when the plaintiff's cause of action is conferred by federal law or when there is some 'contested[, substantial] federal issue' and the exercise of jurisdiction is 'consistent with congressional judgment about the sound division of labor between state and federal courts . . . .' *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.,* 545 U.S. 308, 313, 125 S.Ct. 2363, 162 l.Ed.2d 257 (2005).")). However, "[e]ven a claim that arises under the Constitution, laws, or treaties of the United States may be dismissed for lack of subject-matter jurisdiction if (1) 'the alleged claim under the Constitution or federal statutes clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction,' or (2) 'such a claim is wholly insubstantial and frivolous.'" *Butler v. Morgan,* 562 Fed.Appx. 832, 834 (11th Cir. Apr. 3, 2014), quoting *Blue Cross & Blue Shield of Alabama v. Sanders,* 138 F.3d 1347, 1352 (11th Cir. 1998). "A claim is 'wholly insubstantial and frivolous' so as to warrant dismissal for lack of subject matter jurisdiction only 'if the claim has no plausible foundation, or if the court concludes that a prior Supreme Court decision clearly forecloses the claim.'" *Id.,* quoting *Blue Cross & Blue Shield of Alabama v. Sanders*, 138 F.3d at 1352.

Here, Plaintiff's complaint does not raise issues of federal law. Rather, her complaint raises state and common law causes of action for negligence and fraud,

8

peppered with conclusory allegations regarding impairing the obligation of contracts

under Article 1, Section 10 of the United States Constitution (Doc. 1, at 1 & 3) and

single citations to Article 6 of the United States Constitution (Doc. 1, at 1) and Article 4

of the United States Constitution (*id.* at 2), the latter citation immediately following the

words/phrase "Strict Liability" (*id.*). The single citations to Articles IV and VI of the United

States Constitution, without context or elaboration,[12] are "inadequate to demonstrate a

federal question under the well-pleaded complaint rule." *Butler, supra,* 562 Fed.Appx. at

835. And while Plaintiff cites several times to Article I, section 10 of the Constitution

and references "impairing the obligation of contracts" (*see* Doc. 1, at 1 & 3), she gives

no context to those citations under the facts of this case, as she at no time identifies a

"contract" that was impaired and, more importantly, does not identify an Alabama

act/statute that unconstitutionally impaired her contractual obligations, as would be

required to establish a violation of the Contract Clause of the Constitution, *compare*

U.S. Const., article I, section 10 ("No State shall . . . pass any . . . Law impairing the

Obligation of Contracts[.]") *with Allied Structural Steel Co. v. Spannaus,* 438 U.S. 234,

240-41, 98 S.Ct. 2716, 2720-21, 57 L.Ed.2d 727 (1978) (considering the language of

the Contract Clause in the context of a claim by a company that Minnesota's Private

Pension Benefits Protection Act unconstitutionally impaired its contractual obligations to

its employees under its pension agreement) and *In re Suarez,* 127 B.R. 73, 77 (Bankr.

S.D. Fla. 1991) ("Article 1 § 9 & § 10 of the U.S. Constitution . . . stand for the

proposition that no law impairing the obligation of contracts shall be passed."). Again,

---

[12]     To the extent Plaintiff may argue that the words "Strict Liability" give context to her citation to Article VI of the United States Constitution, she would be wrong because Article IV of the United States Constitution does not contain these words. U.S. Const., article IV.

therefore, Plaintiff's conclusory citations to the Contract Clause of the Constitution are inadequate to demonstrate a federal question under the well-pleaded complaint rule. *Butler, supra,* 562 Fed.Appx. at 835. Moreover, in truth, as reflected above, this claim has no plausible foundation and should be dismissed for lack of subject-matter jurisdiction. For all of these reasons, therefore, jurisdiction does not exist under 28 U.S.C. § 1331.

## CONCLUSION

Based upon the foregoing, it is **RECOMMENDED** that Walter Lee Brock's Rule 12(b)(1) motion to dismiss (*see* Doc. 6) be **GRANTED** and that Plaintiff's complaint (that is, all of her claims as to all Defendants) be **DISMISSED** for lack of subject-matter jurisdiction. Because a dismissal for lack of subject matter jurisdiction "is not a judgment on the merits[,]" it should be "entered without prejudice." *Stalley ex rel. U.S. v. Orlando Regional Healthcare Sys., Inc.,* 524 F.3d 1229, 1232 (11th Cir. 2008) (per curiam).

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D. Ala. GenLR 72(c)(1) & (2). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period

for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the 5th day of April, 2019.

s/P. Bradley Murray
**UNITED STATES MAGISTRATE JUDGE**