# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

PHYLLIS MARIA HARRIS,           :

    Plaintiff,                  :

vs.                             :        Civil Action No. 19-0044-KD-MU

WALTER LEE BROCK, *et al.*,      :

    Defendants.                 :

## ORDER

This action is before the Court on Plaintiff Phyllis Maria Harris' Motion to Proceed without Prepayment of Fees on appeal (doc. 21). Harris brings her motion pursuant to 28 U.S.C. § 1915 and represents that she is unable to prepay fees. The Court's authority for granting permission to proceed without prepayment of fees and costs is found at 28 U.S.C. § 1915:

> (a)(1) Subject to subsection (b), any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such [person] possesses [and] that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.

28 U.S.C. § 1915(a)(1) (bracketed text added).

The "court may not deny an IFP motion without first comparing the applicant's assets and liabilities in order to determine whether he has satisfied the poverty requirement." Thomas v. Chattahoochee Judicial Circuit, 574 Fed. Appx. 916, 917 (11th Cir. 2014) (per curiam) (citing Martinez v. Kristi Kleaners, Inc., 364 F.3d 1305, 1307-1308 (11th Cir. 2004) (per curiam)). Harris need not prove that she is "absolutely destitute". Martinez, 364 F.3d at 1307. However, she must show that "because of [her] poverty, [she] is unable to pay for the court fees and costs, and to support and provide necessities for [herself and her] dependents." Id.

In support of the application, Harris reports assets valued at a total amount of approximately $150,000.00[1] (doc. 21, p. 2). Harris reports monthly income of approximately $3,826.00[2] and monthly expenses of approximately $3,326.00 (doc. 21, p. 4-6). These monthly expenses include donations to charity at approximately $250.00 per month. In addition, Harris provides between $300.00 and $500.00 per month as support for her son who is 27 years old (doc. 21, p. 6, p. 11). The Court does not find, based on the record, that support for a 27 year-old son or charitable contributions to be necessary expenses. Harris also states, without specifying an amount, that she has incurred additional expenses since the motor vehicle accident for which she filed suit against the defendants in this court.[3]

Based on the information provided in Harris' motion and attachment, the Court finds that she can provide the support and necessaries for herself and also pay the filing fees for her appeal. Accordingly, Harris' motion is denied.

Done and Ordered this the 20th day of June 2019.


s/ Kristi K. DuBose
KRISTI K. DuBOSE
CHIEF UNITED STATES DISTRICT JUDGE

---

[1] Harris reports total assets in banks or financial institutions in the amount of $116,413.40, a residence valued at $39,700 for which there is no mortgage, and two vehicles valued at approximately $2,800. Harris owes approximately $20,000 on one vehicle.

[2] Harris reports monthly income from the Teachers Retirement System of Georgia in the amount of $2,333.16, from the Social Security Administration in the amount of $229.00, the Mobile County Public School System for substitute teaching in the annualized amount of $768.75, and a monthly withdrawal from her retirement savings in the amount $495.23.

[3] The action has been dismissed for lack of subject matter jurisdiction. Defendant Walter Lee Brock filed a motion to dismiss for lack of subject matter jurisdiction. He argued that both he and Harris are citizens of the State of Alabama and therefore jurisdiction based on diversity of citizenship did not exist. The Magistrate Judge also determined *sua sponte* that no other basis for federal jurisdiction was available for Harris (doc. 12).